UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUISIANA ENVIRONMENTAL ACTION NETWORK, PEOPLE CONCERNED ABOUT CHEMICAL SAFETY, and SIERRA CLUB,<br><br>      Plaintiffs,<br>   v.<br><br>MICHAEL S. REGAN, Administrator, U.S. Environmental Protection Agency, in his official capacity,<br><br>      Defendant. | Case No. 1:23-cv-2714 (DLF) |

**Consent Decree**

This consent decree is entered into by Plaintiffs Louisiana Environmental Action Network, People Concerned About Chemical Safety, and Sierra Club, and Defendant Michael S. Regan, in his official capacity as Administrator of the U.S. Environmental Protection Agency (EPA) (each a Party and collectively the Parties).

WHEREAS on March 27, 2014, EPA revised the National Emission Standards for Hazardous Air Pollutants ("NESHAP") for the Polyether Polyols Production source category, 40 C.F.R. Part 63, Subpart PPP ("2014 Rule"), including residual risk and technology reviews pursuant to sections 112(d)(6) and 112(f)(2) of the Clean Air Act, 42 U.S.C. § 7412(d)(6) and 42 U.S.C. § 7412(f)(2).  79 Fed. Reg. 17,340.

WHEREAS, on May 27, 2014, Louisiana Environmental Action Network and Sierra Club filed a petition for reconsideration of sections of the 2014 Rule.

1

WHEREAS, on August 26, 2014, EPA sent a letter to petitioners "grant[ing] reconsideration of the final rule on petitioners' request that the EPA remove the affirmative defense provision from the rule in light of the court opinion in *Natural Resources Defense Council v. EPA*, 749 F.3d 1055 (D.C. Cir. April 18, 2014) and petitioners' request that the EPA reconsider the requirements associated with emissions from pressure relief devices," and stating that EPA would "continu[e] to review the other issues raised in [the] petition for reconsideration and intend[s] to take final action on all issues no later than the date [EPA] take[s] final action on the issues for which [EPA is] granting reconsideration [that day]";

WHEREAS, on September 18, 2023, Plaintiffs filed a complaint under section 304(a) of the Clean Air Act, 42 U.S.C. § 7604(a), alleging EPA failed to perform its non-discretionary duties under 42 U.S.C. § 7412(d)(6) to "review, and revise as necessary (taking into account developments in practices, processes, and control technologies)" the National Emission Standards for Hazardous Air Pollutants ("NESHAP") for the Polyether Polyols Production source category, 40 C.F.R. Part 63, Subpart PPP, at least every eight years.

WHEREAS, on December 7, 2023, Plaintiffs filed an amended complaint under section 304(a) of the Clean Air Act, 42 U.S.C. § 7604(a), alleging that (i) EPA failed to perform its non-discretionary duties under 42 U.S.C. § 7412(d)(6) to "review, and revise as necessary (taking into account developments in practices, processes, and control technologies)" the NESHAP for the Polyether Polyols Production source category, 40 C.F.R. Part 63, Subpart PPP, at least every eight years and (ii) EPA's failure to issue a new final rule or other final action on the 2014 petition for reconsideration (the Reconsideration Petition) submitted by Louisiana Environmental

Action Network and Sierra Club for the NESHAP for the 2014 Rule, 79 Fed. Reg. 17,340, constitutes "agency action unreasonably delayed";

WHEREAS, Plaintiffs' amended complaint further alleges that, in addition to reviewing preexisting emissions standards for a given source category, EPA's duty under 42 U.S.C. § 7412(d)(6) includes making any other changes "necessary" to comply with the Act, such as "add[ing] limits . . . for any air toxics that the existing standard does not address," *Louisiana Envtl. Action Network v. EPA*, 955 F.3d 1088, 1096 (D.C. Cir. 2020);

WHEREAS, the amended complaint requests, among other relief, declaratory judgment that EPA violated the Clean Air Act and an order compelling EPA to fulfill its alleged obligations by deadlines specified by the Court;

WHEREAS, the Parties wish to settle this case without expensive and protracted litigation, and without a litigated resolution, of any issue of law or fact;

WHEREAS, the Parties, by entering into this consent decree, do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, the Parties consider this consent decree to be an adequate and equitable resolution of the claims addressed;

WHEREAS, the Court, by entering this consent decree, finds that it is fair, reasonable, in the public interest, and consistent with the Clean Air Act, 42 U.S.C. §§ 7401 *et seq.*; and

WHEREAS, on June 24, 2024, EPA published a proposed rule in the Federal Register taking action on the Reconsideration Petition to the extent that it seeks reconsideration of the affirmative defense provisions related to the 2014 NESHAP for the Polyether Polyols Production source category, 40 C.F.R. Part 63, Subpart PPP.  *See* 89 Fed. Reg. 52,425.

NOW THEREFORE, without trial or determination of any issue of fact or law, and upon the Parties' consent, it is ORDERED that:

1. This Court has subject-matter jurisdiction to order the relief provided in this consent decree. Venue is proper in the U.S. District Court for the District of Columbia.

2. On or before December 10, 2024, EPA shall sign a final rule taking action on the Reconsideration Petition to the extent that it seeks reconsideration of the affirmative defense provisions related to the 2014 NESHAP for the Polyether Polyols Production source category, 40 C.F.R. Part 63, Subpart PPP.

3. On or before December 10, 2024, EPA shall sign:

    a. a proposed rule on its review of the NESHAP for the Polyether Polyols Production source category, 40 C.F.R. Part 63, Subpart PPP, including all "necessary" revisions (taking into account developments in practices, processes, and control technologies) to Subpart PPP under section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6), and

    b. a proposed rule taking action on all issues in the Reconsideration Petition related to the 2014 NESHAP for the Polyether Polyols Production source category, 40 C.F.R. Part 63, Subpart PPP, not addressed in Paragraph 2.

4. On or before December 10, 2025, EPA shall sign:

    a. a final rule on its review of the NESHAP for the Polyether Polyols Production source category, 40 C.F.R. Part 63, Subpart PPP including all "necessary" revisions (taking into account developments in practices, processes, and control

   technologies) to Subpart PPP under section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6), and

  b. a final rule taking action on all issues related to the 2014 NESHAP for the Polyether Polyols Production source category, 40 C.F.R. Part 63, Subpart PPP, in the Reconsideration Petition not addressed in Paragraph 2.

5. Upon taking each proposed and final action described in Paragraphs 2 through 4, the appropriate EPA official shall forward each such document to the Office of the Federal Register for review and publication in the Federal Register within five (5) business days of signature.  Following such delivery to the Office of the Federal Register, EPA shall not take any action (other than is necessary to correct any typographical errors or other errors in form) to delay or otherwise interfere with the publication of each notice in the Federal Register.

6. Not later than five (5) business days after forwarding the materials described in Paragraphs 2 through 4 to the Office of the Federal Register, EPA shall make copies of such documents publicly available.

7. The deadlines established by this consent decree, including the periods set forth in Paragraphs 2 through 6, may be extended (a) by written stipulation of the Parties with notice to the Court, or (b) by the Court upon motion by EPA for good cause shown under the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiffs and any reply by EPA.  Any other provision of this consent decree may be modified by the Court following motion by either Party for good cause shown under the Federal Rules

of Civil Procedure and upon consideration of any response by the non-moving Party and any reply.

8. The Parties recognize that the possibility exists that a lapse in the appropriations that fund EPA could delay compliance with the timetables in this consent decree.  If a lapse in appropriations for EPA occurs within 120 days before any deadline in this decree, including, but not limited to, the periods set forth in Paragraphs 2 through 6, that deadline shall be automatically extended one day for each day of the lapse in appropriations.  Nothing in this paragraph shall preclude EPA from seeking an additional extension through stipulation of the Parties or modification of this consent decree under Paragraph 7.

9. The Parties shall not challenge the terms of this consent decree or this Court's jurisdiction to enter and enforce this consent decree.

10. The Parties agree that this consent decree shall constitute a complete and final settlement of all claims that Plaintiffs have asserted in this case.

11. The Court shall retain jurisdiction to determine and effectuate compliance with this consent decree, to resolve any disputes thereunder, and to consider any requests for costs of litigation, including reasonable attorney fees.

12. Nothing in this consent decree shall be construed to limit or modify any discretion given to EPA by the Clean Air Act or by general principles of administrative law in taking the actions that are the subject of this consent decree, including discretion to alter, amend, or revise actions contemplated by this consent decree.  EPA's obligation to perform the

actions specified in Paragraphs 2 through 6 does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

13. Nothing in this consent decree shall be construed as an admission of any issue of fact or law nor as a waiver or limitation regarding any claim or defense, on any grounds, related to any EPA action addressed in this decree or any aspect of the amended complaint.

14. Nothing in this consent decree shall be construed to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the U.S. Court of Appeals under section 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1).  Nothing in the terms of this consent decree shall be construed to waive, limit, or modify any remedies, rights to seek judicial review, or defenses the Parties may have under section 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1).

15. The Parties acknowledge that the obligations imposed on EPA under this consent decree can only be undertaken using appropriated funds legally available for such purpose.  No provision of this decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

16. Any notices required or provided for by this consent decree shall be made in writing and sent to the following (or to any new address of counsel as filed and listed in the docket of this matter, at a future date):

For Plaintiffs Louisiana Environmental Action Network, People Concerned About Chemical Safety, and Sierra Club:

Adrienne Y. Lee
Adam Kron
EARTHJUSTICE

1001 G Street NW, Suite 1000
Washington, D.C. 20001
(202) 667-4500
akron@earthjustice.org
alee@earthjustice.org

For Defendant:

Shari Howard
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 598-9407
shari.howard@usdoj.gov

17. If the Parties dispute the interpretation or implementation of any aspect of this consent decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations.  The Parties shall meet and confer to attempt to resolve the dispute.  If the Parties cannot resolve the dispute within fifteen (15) business days after receipt of the notice (or a longer period as agreed to by the Parties), either Party may move the Court to resolve the dispute.

18. No motion or other proceeding seeking to enforce this consent decree or for contempt of Court shall be filed unless the Party seeking to enforce this decree has followed the procedure set forth in Paragraph 17.

19. It is expressly understood and agreed that this consent decree was jointly drafted by Plaintiffs and Defendant.  The Parties thus agree that any rules of construction indicating that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning this decree's terms, meaning, or interpretation.

20. The deadline for filing a motion for Plaintiffs' costs of litigation (including reasonable attorney fees) for activities performed before entry of this consent decree is hereby extended until 90 days after this decree is entered by the Court. During this period, the Parties shall seek to resolve informally any claim for costs of litigation (including reasonable attorney fees), and if they cannot, Plaintiffs will file a motion for costs of litigation (including reasonable attorney fees) or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such motions.

21. The Parties agree and acknowledge that before this consent decree can be finalized and entered by the Court, EPA must provide notice of this decree in the *Federal Register* and an opportunity for public comment under section 113(g) of the Clean Air Act, 42 U.S.C. § 7413(g). After this consent decree has undergone notice and comment, the Administrator and the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to this decree, in accordance with Clean Air Act section 113(g), 42 U.S.C. § 7413(g). If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this decree.

22. If for any reason the Court declines to approve this consent decree in the form presented, this agreement is voidable at the sole discretion of either Party and the proposed consent decree's terms may not be used as evidence in any litigation between the Parties.

23. This consent decree applies to, is binding upon, and inures to the benefit of the Parties (and their successors, assigns, and designees).

24. The undersigned representatives of the Parties certify that they are fully authorized by the Party they represent to consent to the Court's entry of the terms and conditions of this decree.

SO ORDERED on November 19, 2024.

_____
Dabney L. Friedrich
United States District Judge

For Plaintiffs

      */s/ Adrienne Y. Lee*
Adrienne Y. Lee (D.C. Bar No. 1742666)
Adam Kron (D.C. Bar No. 992135)
EARTHJUSTICE
1001 G Street NW, Suite 1000
Washington, D.C. 20001
(202) 667-4500
akron@earthjustice.org
alee@earthjustice.org

*Counsel for Louisiana Environmental Action Network, People Concerned About Chemical Safety, and Sierra Club*

Dated: October 18, 2024

For Defendant

Todd Kim
Assistant Attorney General

10

   */s/ Shari Howard*
Shari Howard
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Tel: (202) 598-9407
shari.howard@usdoj.gov

Dated: October 17, 2024